# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| DLSH PROPERTIES, INC., an Assignee of TRANOR INDUSTRIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG FIRE & MARINE INSURANCE CO., LTD, and HARTFORD FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. 19-          -CB<br><br>Hon.<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**BUSINESS COURT CASE**<br>This case qualifies as a business or commercial dispute as defined by MCL 600.8031 and should be assigned to the Business Court Docket. |

J. Christian Hauser (P57990)
FRASCO CAPONIGRO WINEMAN
SCHEIBLE HAUSER & LUTTMANN, PLLC
Attorneys for Plaintiff
1301 W. Long Lake Road, Suite 250
Troy, MI 48098
(248) 334-6767
ch@frascap.com

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.*

## COMPLAINT

Plaintiff DLSH Properties, Inc., an Assignee of Tranor Industries, LLC ("DLSH"), through its attorneys, Frasco Caponigro Wineman Scheible Hauser & Luttmann, PLLC, states for its Complaint as follows:

### JURISDICTIONAL ALLEGATIONS

1. DLSH is a Michigan corporation with its principal place of business located in Wayne County, Michigan.

2. Upon information and belief, Defendant Samsung Fire & Marine Insurance Co., Ltd. ("Samsung") is a foreign corporation licensed and authorized to conduct business in Wayne County, Michigan.

3. Upon information and belief, Defendant Hartford Fire Insurance Company ("Hartford") is a foreign corporation licensed and authorized to conduct business in Wayne County, Michigan.

4. This action arises out of certain property damage that occurred in Wayne County, Michigan.

5. The amount in controversy is greater than $25,000.

6. Venue and jurisdiction are proper in this Court.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. On or about August 27, 2015, DLSH and Tranor Industries, LLC ("Tranor") entered into a commercial lease agreement ("Lease") relating to the land and building located at 19460 Mt. Elliot, Detroit, Michigan (the "Property").

8. Pursuant to the terms and conditions of the Lease, Tranor was required to carry, at its sole expense, insurance against all risks of physical loss, insuring DLSH's fixtures, furnishings, equipment, structures, flooring and all other items of personal property of DLSH on or within the Property.

9. To that end, Tranor purchased a Commercial Insurance Policy from Samsung (the "Samsung Policy") to comport with its insurance obligations under the Lease.

10. The Samsung Policy commenced December 1, 2015 and ended on December 1, 2016.

11. At the expiration of the Samsung Policy, Tranor purchased a Commercial Insurance Policy from Hartford (the "Hartford Policy").

12. The Hartford Policy commenced December 1, 2016 and ended on or about December 1, 2018.

13. Both the Samsung Policy and the Hartford Policy covered physical damage to the Property.

14. In or around May, 2017, DLSH, through Tranor, became aware of certain damage to the concrete floor of the Property.

15. Specifically, the concrete floor had heaved and cracked, rendering it both unusable and unsafe in light of the day-to-day activities and operations being conducted by Tranor.

16. Upon information and belief, Tranor notified both Samsung and Hartford of the damage to the floor of the Property.

17. Despite Tranor presumably providing notice of the damage to both Samsung and Hartford, neither Defendant agreed to compensate Tranor for the loss as required under the respective insurance policies.

18. On or about February 26, 2019, Tranor assigned all of its right, title and interest to any and all insurance claims, rights, and/or title against Samsung and Hartford arising out of the damage to the Property to DLSH.

19. DLSH has since discovered additional damage to the Property that includes, but is in no way limited to, crushed floor and parking areas both inside and outside of the structure, crushed drain tiles both inside and outside the structure, and damage to multiple structural beams that have been knocked off their foundations.

20. Despite the fact the DLSH and its assignor Tranor have cooperated fully with Samsung and Hanover, have made repeated demands to reimburse Plaintiff for the damage to the Property, and that the polices in question cover the loss at hand, Samsung and Hartford refuse to reimburse DLSH for the full value of the damage to the concrete floor, as well as the other damage to the Property, which DLSH believes is in bad faith.

21. Furthermore, as a result and consequence of Defendants' failure to honor the insurance policies, DLSH was compelled to sell the Property at a substantially reduced price, which had the repairs been made, would not have been necessary.

## COUNT I
## DECLARATORY JUDGMENT

22. DLSH reiterates and incorporates all prior allegations as if fully set forth herein.

23. Under the terms of the Samsung Policy and the Hartford Policy, the Defendants agreed to pay for physical damage to the Property.

24. In or around May, 2017, DLSH, through Tranor, became aware of certain damage to the concrete floor of the Property.

25. Upon information and belief, Tranor provided timely notice of its claim to Samsung and Hartford.

26. At the time the damage occurred and/or was discovered, Samsung and/or Hartford had afforded insurance coverage to the Property in accordance with the terms, conditions, limitations, and amounts defined in the respective policies.

27. There is no dispute that the concrete floor located inside the Property was severely damaged and has resulted in hundreds of thousands of dollars in damages to DLSH.

28. Under these facts, there is no controversy that the property damage incurred by DLSH is covered under the Samsung Policy and/or the Hanover Policy, and Samsung and/or

4

Hanover is obligated to reimburse DLSH for the full value of the costs associated with the damaged concrete floor, as well as the other damage both inside and outside the Property as described herein.

29. This Court has power under MCR 2.605 to adjudicate the matters at issue and enter its judgment declaring the rights of all parties to this action.

30. An actual and justiciable controversy exists between DLSH and Samsung and Hartford as to Samsung's and Hartford's obligations under the respective insurance policies.

31. DLSH seeks a declaratory judgment that the damage to the concrete floor inside the Property, as well as the other damage described herein, is a covered loss under the terms and conditions of the Samsung Policy and/or the Hartford Policy, and that Samsung and Hartford are obligated to reimburse DLSH for the full value of the costs associated with the damaged concrete floor.

WHEREFORE, Plaintiff DLSH Properties, Inc. requests the Court enter judgment declaring the damage to the concrete floor inside the Property is a covered loss covered under the Samsung Policy and the Hartford Policy, and that Samsung and/or Hartford are obligated to reimburse DLSH for the full limits of the Policy, as well as any other relief this Court deems equitable and just, including but not limited to, costs and attorneys fees as provided for under MCL 500.2001, et seq. occasioned on Samsung's and Hartford's bad faith in handling DLSH's claim.

## COUNT II
## BREACH OF CONTRACT

32. DLSH reiterates and incorporates all prior allegations as if fully set forth herein.

33. Under the terms and conditions of the Samsung Policy and Hartford Policy, Samsung and Hartford are required to reimburse DLSH for all loss / damage concerning the Property.

34. DLSH, through Tranor, notified Samsung and Hartford of the physical damage to the Property.

35. Despite repeated demands by DLSH, Samsung and Hartford have failed to pay DLSH for the losses incurred as a result of the physical damage to the Property, including but not limited to, reimbursing DLSH for the full value of the cost associated with the damaged concrete floor and other structural issues both inside and outside the Property.

36. As a result of Samsung's and Hartford's breach of their contractual obligations, DLSH has suffered damages.

WHEREFORE, Plaintiff DLSH Properties, Inc. seeks a judgment against Defendants Samsung Fire & Marine Insurance Co., Ltd. and Hartford Fire Insurance Company, in an amount in excess of $25,000, together with all costs and attorney fees wrongfully incurred in the formulation and prosecution of this action as permitted by law as provided for under MCL 500.2001, et seq. occasioned on Samsung's and Hartford's bad faith in handling DLSH's claim.

Respectfully submitted,

FRASCO CAPONIGRO WINEMAN
SCHEIBLE HAUSER & LUTTMANN, PLLC

/s/ J. Christian Hauser
J. Christian Hauser (P57990)
FRASCO CAPONIGRO WINEMAN
SCHEIBLE HAUSER & LUTTMANN, PLLC
Attorneys for Plaintiff
1301 W. Long Lake Road, Suite 250
Troy, MI 48098
(248) 334-6767
ch@frascap.com

Dated: April 1, 2019

## JURY DEMAND

Plaintiff, DLSH Properties, Inc., through its attorneys, Frasco Caponigro Wineman Schieble Hauser & Luttmann, PLLC hereby demands a jury trial of all issues so triable in the above-captioned action.

                            Respectfully submitted,

                            FRASCO CAPONIGRO WINEMAN
                            SCHEIBLE HAUSER & LUTTMANN, PLLC

                            */s/ J. Christian Hauser*
                            J. Christian Hauser (P57990)
                            FRASCO CAPONIGRO WINEMAN
                            SCHEIBLE HAUSER & LUTTMANN, PLLC
                            Attorneys for Plaintiff
                            1301 W. Long Lake Road, Suite 250
                            Troy, MI 48098
                            (248) 334-6767
Dated: April 1, 2019           ch@frascap.com

---

### Proof of Service

I hereby certify that on April 1, 2019, I electronically filed the foregoing Plaintiff's Complaint, Jury Demand, and this Proof of Service with the Clerk of the Court via the MiFile e-filing system.

                            */s/ Maureen Livernois*
                            Maureen Livernois

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>19-       -CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>DLSH Properties, Inc., an Assignee of Tranor Industries, LLC | v | Defendant(s)<br>Samsung Fire & Marine Insurance Co., LTD, and Hartford Fire Insurance Company |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2)* and *MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O), MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]**

1. **Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

   ☑ all of the parties are business enterprises

   ☐ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

   ☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

   ☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

   **AND**

2. **Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

   ☐ information technology, software, or website development, maintenance, or hosting

   ☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

   ☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

   ☐ commercial transaction, including commercial bank transactions

   ☑ business or commercial insurance policies

   ☐ commercial real property

   ☐ other type of business or commercial dispute (explain):

1 APR 19
Date

Signature

J. Christian Hauser
Name (type or print)

P57990
Bar no.

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-004714-CB<br>Hon. Brian R. Sullivan |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226          Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s)<br>DLSH Properties, Inc., an Assignee of Tranor Industries, LLC | v | Defendant's name(s), address(es), and telephone no(s).<br>Samsung Fire & Marine Insurance Co., LTD |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>J. Christian Hauser 57990<br>1301 W Long Lake Rd Ste 250<br>Troy, MI 48098-6326 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/1/2019 | Expiration date*<br>7/1/2019 | Court clerk<br>Deborah Bynum |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)      **SUMMONS**           MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



**SUMMONS**
Case No.: **19-004714-CB**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   OR   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date
My commission expires: _____  Signature: _____
                          Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments
_____ on _____
                                      Day, date, time
_____ on behalf of _____
Signature

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>19-           -CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>DLSH Properties, Inc., an Assignee of Tranor Industries, LLC | v | Defendant(s)<br>Samsung Fire & Marine Insurance Co., LTD, and Hartford Fire Insurance Company |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O), MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]**

**1. Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

☑ all of the parties are business enterprises

☐ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

**AND**

**2. Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

☐ information technology, software, or website development, maintenance, or hosting

☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

☐ commercial transaction, including commercial bank transactions

☑ business or commercial insurance policies

☐ commercial real property

☐ other type of business or commercial dispute (explain):

1-APR-19
Date

*signature*
Signature

J. Christian Hauser                                              P57990
Name (type or print)                                             Bar no.

19-004714-CB   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/1/2019 4:25 PM   Debra Bynum